# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL E. EASTMAN,

        Petitioner

vs.                                                                   Case No. 05-C-241

JUDY P. SMITH,

        Respondent.

## DECISION AND ORDER

*Pro se* petitioner Daniel E. Eastman ("Eastman"), a Wisconsin state prisoner incarcerated at Oshkosh Correctional Institution filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed without prepayment of fees. In an accompanying letter Eastman requests that this case be assigned to United States District Judge Charles N. Clevert, Jr. Actions are not assigned based on parties' requests, however, and Eastman's action was randomly assigned to this Court pursuant to the District's established case assignment procedure.

Eastman states that he is challenging his January 31, 1990, conviction for first-degree sexual assault in Case No. 89-CR-338 by the State of Wisconsin Circuit Court for Douglas County, Wisconsin, for which he was sentenced to ten years probation and three years "withheld

sentence." *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 2.[1] Eastman pled guilty to the sexual assault charge and did not appeal.

However, on January 7, 2005, he filed a motion to vacate with the Douglas County Circuit Court. In that motion, he raised a Fourth Amendment claim that there was no probable cause for the first degree sexual assault charge, an Eighth Amendment claim of cruel and unusual punishment, and a Supremacy Clause/Sixth Amendment challenge that he was convicted under an unconstitutionally vague statute and subjected to the same penalty for a lesser offense. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 4. Eastman states he did not appeal that determination because he feels that the state courts will not rule against their own statutes – Wis. Stat. § 948.02(1) and (2) and Wis. Stat. § 940.225(1)(d).

By the instant petition, Eastman sets forth four grounds: (1) no probable cause for first degree sexual assault charge; (2) Sixth Amendment/supremacy; (3) conflicting statements of the alleged victims; and (4) coerced statements. On April 19, 2005, this Court issued a decision in *Eastman v. Smith*, Case No. 05-C-241 (E.D. Wis), denying Eastman's application to proceed *in forma pauperis* in that action and dismissing the action under Rule Four of the Rules Governing Section 2254 Cases in the United States District Courts.

The 1990 conviction challenged by Eastman in this action predates the 1993 conviction challenged in Case No. 05-C-241. However, the problems identified in Case No. 05-

---

[1] The judgment of conviction for Case No. 89-CR-338 attached to Eastman's petition states that a three-year prison sentence was imposed and stayed and that Eastman was placed on probation for 10 years and incarcerated in County Jail for 200 days. It further provides that if Eastman's probation was revoked, then he was to receive 188 days credit for time served.
 Also attached to Eastman's petition is a revocation order and warrant issued on June 3, 1993, which indicates that Eastman's probation in 89-CR-338 and 91-CR-166 was revoked because on September 29, 1992, Eastman violated his probation. Eastman was incarcerated on September 30, 1992. Revocation order and warrant also list 188 days of jail credit due.

C-241 are present in the instant case and require the same result; that is, denial of Eastman's application to proceed *in forma pauperis*[2] and dismissal of the case, without prejudice, pursuant to Rule Four of the Rules Governing Section 2254 Cases in the United States District Courts.

As this Court previously explained:

> An application for a writ of habeas corpus may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), and Eastman did not appeal his judgment of conviction. That failure alone does not preclude this Court's review of his petition as long as Eastman filed for post-conviction review, giving "the state courts one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) ("Fair presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings."). Eastman did not give the state courts one full opportunity to hear his constitutional claims in post-conviction proceedings, however. He filed a motion to vacate and correct his sentence on January 7, 2005, but did not appeal when it was denied. Instead, Eastman rushed right to federal court. Eastman has failed to exhaust the remedies available to him in Wisconsin courts.

Court's April 19, 2005, Decision and Order in 05-C-277 at 3.[3]

Of course, failure to exhaust his state remedies does not doom Eastman's petition either, if exhaustion would be futile. 28 U.S.C. § 2254(b)(1)(B)(ii); *see also Lampkins v. Gagnon*, 710 F.2d 374, 375 (7th Cir. 1983). But there is no evidence that exhaustion would be futile. Eastman petitioned the Douglas County Circuit Court in which he was convicted, attacking his conviction for first degree sexual assault (the conviction he attacks here). The

---

[2] As in Case No. 05-C-277, Eastman paid the $5.00 filing fee. Therefore, his application for leave to proceed *in forma pauperis* is denied as moot.

[3] Eastman apparently filed two separate motions in Douglas County Circuit Court on January 7, 2005. One motion attacked his 1990 conviction in Douglas County Case No. 89-Cr-338 and another motion attacked his 1993 conviction in Douglas County Case No. 92-CR-679. The 89-CR-338 motion was addressed by the Douglas County Circuit Court in a letter dated February 7, 2005. The 92-CR-679 motion was addressed by the Douglas County Circuit Court in a letter dated March 1, 2005. The substance of the Douglas County Circuit Court's response in both letters was the same.

Douglas County court noted that a state post-conviction proceeding attacking that conviction is inappropriate because Eastman is no longer in custody for that sexual assault.

While not entirely clear, public records indicate that Eastman may no longer be serving his three-year 1990 sexual assault sentence. However, if his sixteen-year sentence was, indeed, imposed to run consecutive to both of the prior sexual assault sentences Eastman is challenging, federal law considers him "in custody" for purposes of collaterally attacking either conviction. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (prisoner is "in custody" for purposes of 28 U.S.C. § 2254 under all of his consecutive sentences until all are served; thus he may collaterally attack sentence that appears to have run); *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) ("a prisoner serving consecutive sentences is 'in custody' under any one of them"). As stated in Case No. 05-C-277:

> Like the federal habeas corpus statute, Wisconsin's post-conviction procedure statute requires that a prisoner be "in custody" in order to collaterally attack his sentence. *See* Wis. Stat. § 974.06. The Court can find no reason to distinguish Wisconsin's "in custody" requirement from the same requirement in federal law. A search of Wisconsin law reveals no cases that address whether a Wisconsin prisoner serving two consecutive sentences is "in custody" for purposes of attacking either conviction. A small handful of Wisconsin cases addresses similar issues, but no one case is close enough to suggest that Wisconsin will part ways with Supreme Court precedent on this issue. Either way, if Eastman is unhappy with the state court's opinion he should appeal it. For the time being, there is no reason to believe that exhausting state remedies would be futile.

Court's April 19, 2005, Decision and Order in 05-C-277 at 4.

Furthermore, as in Case No. 05-C-277, Eastman has not shown good cause for his failure to exhaust his claims in state court. He explains simply that he did not appeal the denial of his post-conviction motion because he felt that the state court would "not rule against their own

statutes." That is not good cause. See, e.g., *Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.")

Because Eastman has failed to exhaust his state remedies, and it would not be futile for him to do so, his petition for a writ of habeas corpus must be dismissed. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Before he can come to the federal courts for post-conviction relief he must give the state courts one full opportunity to hear his claims. Once he has done so, Eastman may refile his petition in this Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Eastman's Motion for Leave to Proceed *In Forma Pauperis* (Docket No. 2) is **DENIED** as moot; and,

Eastman's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) is **DISMISSED** without prejudice; and,

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of April, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**